ARTHUR FALK, Appellant, *v.* JACOB L. HOFFMAN et al.,
Respondents.

*Rescission — action to rescind agreement to sell stock, to refrain from
certain business and for accounting.*

*Falk* v. *Hoffman*, 213 App. Div. 864, affirmed.

(Argued October 26, 1925; decided November 24, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 28, 1925, unanimously affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term. The action was to rescind an agreement whereby plaintiff gave to defendants an option to purchase certain shares of stock and agreed not to engage in the tobacco or cigarette business for a period of five years, to rescind the sale and transfer of such shares and for an accounting. (See *Falk* v. *Hoffman*, 233 N. Y. 199.)

*Louis Marshall* for appellant.

*Gerald B. Rosenheim* for Jacob L. Hoffman, respondent.

*I. M. Dittenhoefer* for Mortimer Fishel, as executor of Albert Falk, deceased, respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

GENERAL BAKING COMPANY, Appellant, *v.* ABBOTT
BAKING CORPORATION, Respondent.

*Trade marks — unfair competition — action to restrain infringement of
trade mark and unfair competition.*

*General Baking Co.* v. *Abbott Baking Corp.*, 213 App. Div. 819,
affirmed.

(Argued October 26, 1925; decided November 24, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 15, 1925, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The action was to

restrain the defendant from infringing plaintiff's trade mark and in engaging in unfair competition. Both were engaged in the manufacture and sale of bread in the city of New York and plaintiff contended that the wrappers used by defendant were so similar to those in use by the plaintiff as to constitute an infringement of its trade mark and unfair competition.

*E. W. Leavenworth* and *E. P. Warfield* for appellant.

*Samuel Seabury, George Trosk* and *Alexander Slater* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WALTER D. WEBSTER, Appellant, *v.* JOSEPH F. ROE, Respondent.

*Bills, notes and checks — usury — action to recover on promissory note — usurious agreement.*

*Webster* v. *Roe*, 212 App. Div. 756, affirmed.

(Argued October 27, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered May 23, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed an order of Special Term denying a motion by defendant for judgment on the pleadings and directed a dismissal of the complaint. The complaint set up the making of a promissory note for $8,800 by Erma S. McKeage and B. F. McKeage on November 21, 1923; the indorsement of the note for value by the defendant Roe; the delivery of the note for value to the plaintiff; the non-payment of the note at maturity. It demanded judgment for the principal sum of the note with interest. The answer set up that the note sued upon was given in renewal of two notes made by B. F. McKeage and indorsed by the defendant; that the first note, dated October 1, 1923, was for $5,000; that the second note, dated November 16, 1923, was for $3,800; that the consideration for the first note was a loan of $4,500 made by plaintiff to B. F. McKeage; that